HOLDERMAN'S
HEIRS
*vs*
HOLDERMAN.

---

ASSIGNMENT
OF DOWER.

*Case* 141.

*June* 3.

# Holderman's Heirs *vs* Holderman.

### ERROR TO THE GREEN COUNTY COURT.

#### *County Courts.   Practice.*

JUDGE BRECK delivered the opinion of the Court.

The case stated.

AT the July term, 1840, of the Green County Court, the following order was made:

"On motion of the widow and heirs of Jacob Holderman, deceased, it is ordered that John Victor, Frederick Moss, Edward Lewis and Alfred F. Gowdy, be and they are hereby appointed (any three of whom, being first duly sworn,) Commissioners, to allot to the widow of Jacob Holderman, deceased, her dower in her deceased husband's estate, and to divide and allot between the heirs of said Holderman, their interest and proportionate shares in the land of said decedent, and make report to Court."

At the December term, 1840, this further order was made:

"On motion of A. W. Holderman, one of the heirs of Jacob Holderman, deceased, by Samuel A. Spencer, his attorney, Matthew J. Duncan and J. Pepper are appointed Commissioners in the place of Frederick Moss and A. F. Gowdy, who were heretofore appointed in conjunction with John Victor and Edward Lewis, to lay off and divide the lands of said Jacob Holderman, and make report thereof to this Court."

At the April term, 1841, the Commissioners, Pepper, Lewis and Duncan, made a report, from which it appears that they had first allotted to the widow certain lands, as her dower; that they then divided the residue of the lands of said Holderman among his heirs. This report was, at same term, approved by the Court and ordered to be recorded.

At the July term, 1841, H. C. Holderman, the widow, "came, by her attorney, and filed, by permission of the Court, a bill of exceptions to the report made by the Commissioners, at a previous term of the Court, to divide and allot to the heirs and widow of Jacob Holderman their portion of his estate."

She objects to the report because it is vague and uncertain; because the mansion house was not allotted to her, and for various other reasons not necessary to be detailed.

In March, 1842, the Court sustained the exceptions of the widow and quashed the report of the Commissioners.

All the heirs, except one, opposed the motion to quash, and to reverse the order quashing the report, have brought the case before this Court, by writ of error.

Whether the Court had jurisdiction to disturb the report of the Commissioners, after it had been *approved and recorded* at a previous term, is the only question which it will be important to notice.

The original order, appointing Commissioners, was authorized by the act of 1811, (*Stat. Laws*, 1070.) The Court had, therefore, general jurisdiction over the subject; and, so far as this writ of error is concerned, it is unnecessary to inquire whether the report of the Commissioners was or not defective; whether injustice had or not been done to the widow, or whether all the previous proceedings were or not, in strict conformity to the provisions

HOLDERMAN'S HEIRS
*vs*
HOLDERMAN.

The County Courts have not power at a subsequent term after Commissioners have reported, the report received, confirmed & ordered to record, to set aside the report so received; their power over such report ceased with the term at which it was ordered to record.

DAVIDSON'S EXR.
vs
NUNNALLYS &c. of the statute. After the Commissioners had reported, and their report had been *examined*, *approved and recorded*, the Court, at a subsequent term, had no power over it. If the Court could open and re-try the question, as to the report, in three months after it had been approved and recorded, why not in three years? If the power exists, we are not aware of any limitation to its exercise. It is a settled principle, that the power of Courts over their judgments ceases with the term at which the judgment is given. This rule is applicable to the County Courts. The first order approving the report of the Commissioners was final and in effect a judgment: *Prebels* vs *Chism*, (5 *Monroe*, 158.)

We are of opinion that the order of the Court, quashing the Commissioners report, was unauthorized and erroneous. The Court had no jurisdiction to make it, and it is, therefore, reversed.

*Harlan & Craddock* for plaintiffs: *Spencer* for defendant.